# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

LORENZO CALBERT,

    Petitioner,

vs.                                            Civil No. 98-1274 SC/WWD

JOE WILLIAMS, WARDEN,

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

1. THIS MATTER comes before the Court upon Respondent's Motion to Dismiss, filed November 30, 1998 **[docket #11]**. Petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on October 13, 1998. Mr. Calbert is currently incarcerated and is proceeding *pro se* and *in forma pauperis.* He pled *nolo contendere* to various drug trafficking crimes and is currently confined pursuant to the judgment, sentence and commitment of the District Court of Quay County, New Mexico. Ans., Exs. A, F.

2. Respondent moves to dismiss the petition on the ground that it is time-barred under 28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). AEDPA established a one-year time limitation for filing petitions and mandated that the period begin to run on the "date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Petitioner's conviction became final before the effective date of the AEDPA (April 24, 1996), the one-year statute of limitations in his case did not begin to run until April 24, 1996. Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998). It expired April 24, 1997.

3. Mr. Calbert did not file his federal petition by April 24, 1997. The statute also provides a tolling of the limitations period for any "properly filed" applications for "post-conviction or other collateral review." Id. No tolling applies here, however, because Petitioner did not file his state habeas petition until July 10, 1997, almost two months *after* the one-year period had already ended on April 24, 1996. See Ans., Ex. G.[1]

4. Although the limitations period may be equitably tolled, the equitable tolling principles are only considered where a prisoner has diligently pursued federal habeas claims. Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 119 S. Ct. 210 (1998). Such is not the case here.

5. Petitioner does present evidence that an item was mailed to the court clerk in Tucumcari, N.M. and received on April 22, 1997. If the item was in fact his state habeas petition, that mailing would arguably bring the filing of his state habeas petition within the one-year limitations period by two days. See Ex. to "Petitioner's Answer to Respondent's Answer." [docket 12].[2] Even so, as pointed out above, Petitioner then waited a year *after* state review had concluded and no application was pending in state court, before filing the present federal petition, clearly going far beyond the two days remaining in the limitations period (April 22, 1997 to April 24, 1997).

6. Petitioner's erroneous assumption that he had yet an additional year following the conclusion of state review in which to file his federal petition, Petitioner's Mot. in Opp. to Resp's

---

[1] Petitioner had applications for state review pending from July 10, 1997 to October 10, 1997, which would ordinarily have tolled the period for 92 days had the applications been filed before the limitations period had expired. See Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999) (one-year period of limitation for filing an application for federal habeas relief is tolled from the time of filing of state application until denial of timely-filed petition for writ of certiorari).

[2] Petitioner explains that the delay from his mailing to filing (April 22, 1997 to July 10, 1997) was due to the fact that the court clerk was in Tucumcari and the Judge in Clovis. See Petitioner's Mot. in Opp. to Resp's Mot. to Dismiss, at 2.

Mot. to Dismiss, at 2, does not constitute a rare and exceptional circumstance justifying equitable tolling. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (one-year limitation period of AEDPA will be equitably tolled only "in rare and exceptional circumstances"). Nor does that fact raise "serious constitutional questions" or possibly render the habeas remedy inadequate and ineffective. Miller, 141 F.3d at 978. Accordingly, Respondent's motion to dismiss should be granted.

## Recommendation

I recommend: (1) that Respondent's Motion to Dismiss, filed November 30, 1998 **[docket #11]** be granted, and (2) that Petitioner's application for Writ of Habeas Corpus be denied and that this cause be dismissed with prejudice.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

UNITED STATES MAGISTRATE JUDGE